UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. REAMES,

        Plaintiff,                      CIVIL ACTION NO. 04 CV 74461 DT

    v.                                DISTRICT JUDGE GEORGE CARAM STEEH

JO ANNE B. BARNHART,          MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security Disability case comes before the court on the Commissioner's motion for summary judgment. For the reasons stated herein, the court recommends that the defendant's motion be **GRANTED** and the decision denying disability benefits be affirmed.

### II. Background

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on July 17, 2002, claiming that he was disabled due to a seizure disorder related to a July 22, 1998 incident in which he fell from a roof and struck his head while engaged in construction work. (Tr. 51-53, 60) Plaintiff was 44 years of age when he filed the application.[1] The Social Security

---

[1] Plaintiff filed a prior application on August 21, 2000. The application was denied initially on January 19, 2001. Plaintiff did not file a request for reconsideration or for a hearing.

Administration (SSA) denied the claim on December 18, 2002.  (Tr. 36-41)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 42)  The hearing was held on August 8, 2003, before ALJ John Ransom.  (Tr. 261-79)  On October 15, 2003, the ALJ issued a decision denying plaintiff's claim.  (Tr. 18-30)  The ALJ determined that plaintiff "has a seizure disorder (first diagnosed in December 1996); a closed head injury in July 1998; a probable right shoulder calcific tendinitis of the rotator cuff; dementia, not otherwise specified; and depression, not otherwise specified."  (Tr. 25)  Further, the ALJ determined that plaintiff's impairments were "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations.  Id.  The ALJ concluded that plaintiff, notwithstanding his impairments, had the residual functional capacity (RFC) to perform light work with the following restrictions: no repetitive pushing, pulling, gripping, grasping, or reaching with his right upper extremity; no working at heights or around moving machinery; no work requiring use of the right arm above chest level; and work involving only simple, repetitive tasks.  (Tr. 26-27)  Based on the hearing testimony of a vocational expert (VE), the ALJ concluded that there were a significant number of jobs in the national economy that plaintiff could perform.  (Tr. 28)  The ALJ cited the following examples: visual inspector, security guard, information clerk, inspector, usher, and gate guard.  (Tr. 29)  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.  Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council.  (Tr. 15)  The Appeals Council denied the

request on September 7, 2004. (Tr. 4-8)  The ALJ's decision thus became the final decision of the Commissioner.  On November 16, 2004, plaintiff suit *in pro per* for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  On January 20, 2005, the court issued a scheduling order giving plaintiff until February 28, 2005, to file a motion for summary judgment and giving the Commissioner until April 11, 2005 to do so.  The Commissioner filed her motion in a timely manner.  As of March 25, 2005, plaintiff had not yet filed a motion for summary judgment.  The court issued an order on that date directing plaintiff to show cause in writing within seven days of the date of the order why he had not filed a motion for summary judgment and why his case should not be dismissed for lack of prosecution.  Plaintiff did not respond to the order.  The Commissioner's motion thus stands unopposed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job

>   vacancy exists for him, or whether he would be hired if he applied
>   for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled.

Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial
> gainful activity.  Next the claimant must demonstrate that she has a
> "severe impairment."  A finding of "disabled" will be made at the
> third step if the claimant can then demonstrate that her impairment
> meets the durational requirement and "meets or equals a listed
> impairment.  If the impairment does not meet or equal a listed
> impairment, the fourth step requires the claimant to prove that she
> is incapable of performing work that she has done in the past.
> Finally, if the claimant's impairment is so severe as to preclude the
> performance of past work, then other factors, including age,
> education, past work experience, and residual functional capacity
> must be considered to determine if other work can be performed.
> The burden shifts to the Commissioner at this fifth step to establish
> the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

The ALJ rendered findings favorable to plaintiff at the first two steps of the disability evaluation process.  Presumably, plaintiff would have no objection to those findings.  At the third step, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.  Having reviewed the record, the court agrees that the evidence does not establish the existence of any listing level physical or mental impairment.  Accordingly, the court finds no error in the ALJ's step-three determination.  At the fourth-step, the ALJ determined that plaintiff was incapable of performing his past work in the construction industry.  Again, plaintiff would presumably have no objection to the ALJ's finding in this regard.

At step five, the ALJ determined that plaintiff retained the capacity to perform a significant number of jobs in the national economy and, therefore, that he was not "disabled"

within the meaning of the Social Security Act. Substantial evidence to support to support such a finding "may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'"  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(citations omitted).

The ALJ posed the following hypothetical to the VE:

> [H]e could perform light work, but he'd require a job with no working around unprotected heights or moving machinery, no repetitive pushing, pulling, gripping, grasping, or reaching with his right upper extremity, no work above chest level, and it would need to be simple, repetitive work, in your opinion, would there be jobs in existence in significant numbers in the regional economy that he could perform?

(Tr. 276-77)  In response thereto, the VE testified that an individual with such limitations could work as a visual inspector, security guard, information clerk, inspector, usher, or gate security guard, and that there were approximately 15,000 such jobs in the regional economy.  (Tr. 277)

With respect to plaintiff's physical impairments, the ALJ included restrictions in the hypothetical related to plaintiff's seizure disorder and shoulder condition.  No doctor opined that plaintiff was totally disabled as a result of these conditions, and no doctor indicated that greater

restrictions than those included in the hypothetical were warranted.[2]  Thus, the ALJ reasonably accommodated plaintiff's physical impairments in the hypothetical.  Further, the ALJ reasonably accommodated plaintiff's mental impairments by including in the hypothetical a restriction to simple, repetitive tasks.  The ALJ's findings in this regarding are consistent with the findings of consulting psychologist Donald Tate, Ph.D, who determined that plaintiff was capable of engaging in "simple, unskilled work."  (Tr. 203)  As with his physical impairments, no doctor indicated that plaintiff was totally disabled as a result of his mental impairments, and no doctor determined that restrictions greater than those indicated by Dr. Tate were warranted.

---

[2] On August 20, 2002, Dr. John MacMaster, who examined plaintiff on a number of occasions and thus would be considered a treating physician, opined that plaintiff was "disabled, I believe, as he is no longer able to be up on ladders or scaffolding and his career has been that of a builder."  (Tr. 226)  While the opinion of a treating physician is, as a general matter, entitled to significant weight, Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997), the ALJ did not err in this matter in disregarding Dr. MacMaster's statement that plaintiff was disabled. Dr. MacMaster rendered this opinion well after June 30, 1999, the date on which plaintiff's insured status expired.  Thus, the statement has little bearing on plaintiff's condition on or about his alleged onset date.  Further, Dr. MacMaster merely indicated that plaintiff could no longer do the type of construction work he had done in the past.  Dr. MacMaster did not opine that plaintiff's condition precluded all employment.

Based on the foregoing, the court finds that the hypothetical accurately portrayed plaintiff's physical and mental limitations.[3]  Accordingly, the VE's testimony in response thereto constitutes substantial evidence to support the ALJ's determination that plaintiff is not disabled.

### V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED** and that plaintiff's complaint be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[3]The hypothetical was not consistent with plaintiff's testimony regarding the extent of his functional limitations.  As the VE testified, if plaintiff's testimony was credible, his limitations would preclude all work activity.  (Tr. 276)  However, the ALJ determined that plaintiff's testimony was "less than entirely credible."  An ALJ's credibility determination is entitled to significant deference, Walters, supra, 127 F.3d at 531, and there is no basis in the record for disturbing the ALJ's credibility assessment in this matter.

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Virginia M. Morgan
                                                VIRGINIA M. MORGAN
Dated:  April 28, 2005                  UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the Social Security Administration herein by electronic means or U.S. Mail on April 28, 2005.

                              s/Jennifer Hernandez
                              Case Manager to
                              Magistrate Judge Morgan